# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| LAQUISA BALDWIN, | ) Civil No. 3:20-cv-00017 |
| Plaintiff, | ) |
| v. | ) |
| | ) COMPLAINT AND |
| NATIONAL GYPSUM SERVICES COMPANY, | ) DEMAND FOR JURY TRIAL |
| Defendant. | ) |

Plaintiff, Laquisa Baldwin ("Baldwin" or "Plaintiff"), by and through counsel, brings this action for violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq., against Defendant National Gypsum Services Company ("NGSC" or "Defendant").

## NATURE OF THE CLAIMS

1. Defendant unlawfully interfered with Plaintiff's FMLA rights by unlawfully failing to provide Plaintiff with notice of her FMLA eligibility/rights (i.e. designation notice) after Defendant acquired knowledge that Plaintiff requested leave for an FMLA-qualifying reason.

2. Defendant unlawfully discriminated against Plaintiff in violation of the FMLA by terminating her employment after acquiring knowledge that Plaintiff requested leave for an FMLA-qualifying reason.

## THE PARTIES

3. Plaintiff is an adult individual who is a resident of Charlotte, North Carolina.

4. Defendant National Gypsum Services Company is a foreign corporation registered and in good standing in the State of North Carolina, with its Principal Office at 2001 Rexford Road, Charlotte, North Carolina 28211.

## **COVERAGE ALLEGATIONS**

5. At all times hereinafter mentioned, NGSC has been an employer within the meaning of the FMLA, 29 U.S.C. § 2611(4).

6. At all times hereinafter mentioned, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2), meaning that Defendant employed her for at least 12 months and she performed at least 1250 hours of service with Defendant during the 12-month period preceding the termination of her employment.

## **PLAINTIFF'S FACTUAL ALLEGATIONS**

7. Plaintiff began her employment as an independent contractor with Defendant in or about June 2018 in the position of Customer Account Specialist/Plant Coordinator at Defendant's Charlotte, North Carolina Location. Because Plaintiff was exceeding Defendant's work expectations, in January 2019, Defendant offered her a full-time position as a salaried employee, which Plaintiff accepted.

8. On or about November 20, 2019, Plaintiff began having a severe panic attack while at work. Plaintiff immediately informed Brittany Goff ("Goff"), one of her supervisors, of the reason she was experiencing severe anxiety and panic attacks.

9. On or about the morning of Thursday, November 21, 2019, Plaintiff sought medical treatment by a physician for her serious medical condition. Plaintiff's treating physician ordered Plaintiff off of work until Monday, November 25, 2019.

10. That same day, Plaintiff provided Kathy Marsh ("Marsh"), Plaintiff's direct supervisor, a medical note from her treating doctor, documenting that Plaintiff's serious medical condition required her to be off of work beginning November 22, 2019 with a return-to-work date of November 25, 2019. Plaintiff also informed Marsh about the personal events that caused her mental health issues.

11. On November 25, 2019, Plaintiff returned to work, but by her appearance it was clear she had not been eating or sleeping for days. Greg Campbell ("Campbell"), Plaintiff's hiring manager, called Plaintiff into his office, suggested Plaintiff contact Defendant's Employee Assistance Program ("EAP") in order to acquire mental health treatment and provided her with the number for EAP. Campbell then stepped out of his office and allowed Plaintiff to call EAP.

12. The EAP representative informed Plaintiff that no appointments for mental health treatment were available until after the Thanksgiving Holiday. Upon hearing this news, Plaintiff experienced another severe bout of panic and anxiety and began crying. Plaintiff told Campbell that she could not work the remainder of the day.

13. Without any discussion, Campbell told Plaintiff he "accepted her resignation" and stated he would inform Marsh to draft "separation papers." Following her encounter with Campbell, Goff then instructed Plaintiff to submit her resignation via email. Plaintiff was not aware of her rights under the FMLA and complied with this directive.

14. On or about November 26, 2019, Plaintiff contacted Campbell to question why he required her to resign her employment, but Campbell notified Plaintiff that her separation papers had already been processed and that her employment with Defendant had terminated.

**15.** Defendant had knowledge of Plaintiff's serious health condition and need for medical leave.

3

### Plaintiff's First Cause of Action

### (Violation of the FMLA – Interference)

16. Plaintiff incorporates by reference Paragraphs 1 through 15 of her Complaint.

17. Defendant interfered with Plaintiff's rights under the FMLA by unlawfully failing to provide Plaintiff with notice of her FMLA eligibility/rights (i.e. designation notice) after Defendant acquired knowledge that Plaintiff requested leave for an FMLA-qualifying reason.

18. Defendant's actions were intentional, willful, and/or taken with reckless disregard of Plaintiff's rights under the FMLA.

19. Plaintiff suffered damages as a result of Defendant's unlawful conduct.

### Plaintiff's Second Cause of Action

### (Violation of the FMLA – Discrimination)

20. Plaintiff incorporates by reference Paragraphs 1 through 19 of her Complaint.

21. Defendant unlawfully discriminated against Plaintiff by terminating her employment after acquiring knowledge that Plaintiff requested leave for an FMLA-qualifying reason.

22. Defendant's actions were intentional, willful, and/or taken with reckless disregard of Plaintiff's rights under the FMLA.

23. Plaintiff suffered damages as a result of Defendant's unlawful conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a) An Order pursuant to the FMLA that Defendant reinstate Plaintiff to the position she held prior to the termination of her employment, or to a comparable position with full seniority, benefits and wages, or front pay to Plaintiff in lieu thereof;

4

Case 3:20-cv-00017-MOC-DSC   Document 1   Filed 01/09/20   Page 4 of 5

b) An Order pursuant to the FMLA that the Defendant pay Plaintiff all lost wages, benefits, compensation, and monetary loss suffered because of Defendant's unlawful actions;

c) An Order pursuant to the FMLA that Defendant pay Plaintiff liquidated damages;

d) An Order pursuant to the FMLA ordering Defendant to pay punitive damages;

e) An Order awarding the costs of this action;

f) An Order awarding reasonable attorneys' fees;

g) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact

Respectfully submitted this 9th day of January, 2020.

/s/ Geoffrey A. Marcus
Geoffrey A. Marcus #54907
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis NCSB #48582
**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone: 704-612-0038
Email: geoffrey@gibbonsleis.com
 phil@gibbonsleis.com
 craig@gibbonsleis.com

*Attorneys for Plaintiff*